**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **COREY DEMOND WILLIAMS,** ) | |
| **ID # 1709416,** ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:15-CV-772-D (BH) |
| ) | (Consolidated with Nos. 3:15-CV-774-D |
| **WILLIAM STEPHENS, Director,** ) | 3:15-CV-775-D, and 3:15-CV-776-D) |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this consolidated habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Corey Demond Williams (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed four separate petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that have been consolidated. (*See* doc. 6.)  The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges four April 4, 2011 convictions, three for aggravated assault with a deadly weapon (causes F-1056522-M, F-1056523-M, F-105624-M) and one for injury to a child (cause F-1072244-M), and a 35-year sentence imposed in the 194th Judicial District Court of Dallas County, Texas.  (Petition (docs. 1 and 3) at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records).  He did not appeal these convictions. (docs. 1 and 3, at 3.)  On January 24,  2013, Petitioner filed four state applications for writ of habeas corpus with the trial court challenging his convictions (Cause Nos. W-105622-A,  W-105623-A, W-105624-A, and W-

1072244-A). *See* www.dallascounty.org/public.access.php (Dallas County criminal records). After the cases were all forwarded to the Texas Court of Criminal Appeals, that court denied the applications without a written order on March 20, 2013. *See Ex parte Williams*, WR-79,201-01, WR-79,201-02, WR-79,201-03, and WR-79,201-04 (Tex. Crim. App. March 20, 2013). Petitioner mailed his federal petitions on February 23, 2015. (docs. 1 and 3 at 10).

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.      Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner's grounds for relief include claims that counsel was ineffective at the plea stage, the indictment was defective, the court lacked lawful subject matter jurisdiction, there were issues

with presentment of the case to the grand jury, his plea of guilty was not knowing and voluntary, and the State failed to introduce evidence to support the felony enhancement. (docs. 1 and 3, at 6-7.) Because Petitioner challenges his plea, the effectiveness of counsel relating to his plea, and his conviction, the federal statute of limitations began running when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d) (1)(A). Petitioner did not directly appeal the judgments, so his right to seek direct review in state appellate court expired thirty days after they were entered. Tex. R. App. P. 26.2(a)(1). The thirtieth day fell on May 4, 2011, so the one year in this case under § 2244(d)(1)(A) began running on that date, and expired on May 4, 2012. *See Flanagan v. Johnson*, 154 F.3d. 196, 201-02 (5th Cir. 1998) (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period to the computation of the AEDPA one-year limitation period). Petitioner filed his § 2254 petitions on February 23, 2015,[1] almost four years after his convictions became final in 2011. A literal application of § 2244(d)(1)(A) therefore renders his consolidated § 2254 petition untimely.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his state writ applications until 2013, several months after the one-year had expired. A document filed in state court after the limitations period has expired

---

[1] The § 2254 petitions were received and file-stamped on March 9, 2015. Petitioner swore that he placed the document in the prison mail system on February 23, 2015, so they are deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the statutory tolling provision does not save this consolidated petition.

**B**.     **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presents no argument, and no evidence to show, that he was prevented from filing federal petitions raising challenges to these convictions. (docs. 1 and 3, at ¶ 26,) He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his consolidated petitions for writ of habeas corpus are barred by the statute of limitations.

### III. RECOMMENDATION

The consolidated petitions for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 27th day of May, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE